IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS　　　　　　　　　　　　　　　　　　　CRIMINAL NO. 1:02cr75WJG-JMR
　　　　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:05cv473WJG-JMR

ARLANDO LAMAR ARNOLD

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Arlando Lamar Arnold's motion to vacate, set-aside or correct sentence [29-1] pursuant to 28 U.S.C. § 2255. After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

Arnold pleaded guilty to count three of the indictment against him on December 10, 2002. (Ct. R., Doc. 15.) He was charged with possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (*Id*.) As part of his negotiated plea agreement, Arnold waived his right to appeal the conviction/sentence or the manner in which it was imposed. (Ct. R., Doc. 16, pp. 5-6.) This included a waiver of his right to contest the conviction/sentence in a post-conviction proceeding or by section 2255 motion. (*Id*., p. 5.) Arnold was sentenced to 151 months imprisonment, 5 years supervised release, and a $100.00 special assessment. (Ct. R., Doc. 25.) On March 19, 2003, the Court entered its Judgment of conviction. (Ct. R., Doc. 26.)

Arnold asserts that his sentence should be vacated based on the assertion that the sentence was illegally enhanced under *United States v. Booker,* 543 U.S. 220, (2005), and *Blakely v. Washington,* 542 U.S. 296 (2004). (Ct. R., Doc. 29, pp. 1, 5-18.) Again, Arnold entered a

negotiated plea of guilty pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the conviction/sentence or contest the conviction/sentence in any post-conviction proceeding.  (Ct. R., Doc. 16, p. 5.)  A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir. 2000) (citing *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992)), and the right to seek post-conviction relief. *United States v. Wilkes,* 20 F.3d 651, 653-4 (5th Cir. 1994).  Arnold does not contest the validity of the waiver, and does not assert that he received ineffective assistance of counsel; therefore the Court has no reason to examine the validity of his waiver.  *United States v. White*, 307 F.3d 336, 340 (5th Cir. 2002).  The Court, therefore, finds that Arnold waived his right to file the instant motion.

In addition, the motion to vacate was filed October 14, 2005.  (Ct. R., Doc. 29, p. 1.)  A timely *habeas* petition must filed within one year after the final judgment of conviction.  28 U.S.C. § 2255.  A conviction becomes final upon the expiration of the time for seeking review of a final conviction, regardless of whether such a petition is actually filed.  *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000); *Clay v. United States* 537 U.S. 522, 532 (2003). The judgment of conviction in this case was filed on March 19, 2003.  (Ct. R., Doc. 26.)  Arnold did not file a direct appeal.  (Ct. R.)  The time period for Arnold to file a notice of appeal from the judgment against him was ten days later.  FED. R. APP. P. 4(b)(1)(A).  Arnold's conviction was final on April 2, 2003.  A timely filed *habeas* petition was due in this case on April 2, 2004.  The Court, therefore, concludes that this motion is time-barred, as calculated using 28 U.S.C. § 2255(1).

Even if his claim were timely filed, his arguments regarding his sentence imposed pre-*Booker* and *Blakely* lack merit.  The Fifth Circuit has expressly addressed consideration of *Booker* and *Blakely* on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court. The Supreme Court did not so hold in *Booker,* nor has the Court done so in any case since *Booker.* The same is true with respect to *Apprendi* and *Blakely*. In fact, in *Booker,* the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on *direct* review." 125 S.Ct. at 769 (emphasis added). The Court could have, but did not, make any reference to cases on collateral review.
>
> In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi, Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule. *Tyler,* 533 U.S. at 666. To the contrary, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. *See Schriro v. Summerlin,* 542 U.S. 348, (2004) (holding that *Ring v. Arizona,* 536 U.S. 584, (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *see United States v. Gentry*, 432 F.3d 600, 602-605 (5th Cir. 2005) (holding that *Booker* does not apply retroactively to initial § 2255 motions); *United States v. Edwards*, 442 F.3d 258, 268 (5th Cir. 2006). Simply put, *Booker* and *Blakely* are not retroactively applicable on collateral review, and Arnold's arguments to the contrary are without merit. Consequently, the Court finds that Arnold's motion to vacate pursuant to 28 U.S.C. § 2255 should be denied. It is therefore,

ORDERED AND ADJUDGED that Arnold's motion to vacate [29-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 6th day of August, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE
